**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| KIMBERLY SCHLICHTER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-403-CV-W-FJG |
| ) | |
| UNUM GROUP and ) | |
| PROVIDENT LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY ) | |
|     Defendants. ) | |
| ) | |

**RULE 30(b)(6) DEPOSITION NOTICE *DUCES TECUM* FOR DEFENDANT UNUM GROUP**

**PLEASE TAKE NOTICE** that at **9:00 a.m.** on **DECEMBER 5, 2018**, at McCarthy Reporting, 12 Harvard Street, Worcester, MA 01609, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiff will take the deposition of one or more representatives of UNUM GROUP ("UNUM") before a notary public or other officer authorized by law to administer oaths either by federal law or by the law in the place of examination. The deposition will be recorded by audiovisual and stenographic means by a court reporter and videographer certified to record depositions, and is intended to be used for all lawful and proper purposes, including use at trial as evidence. The deposition will begin on the date and time listed above and will continue from time to time until completed. Plaintiff will use the following provider(s) for audiovisual and stenographic services: McCarthy Reporting, 12 Harvard Street, Worcester, MA 01609.

**DEPOSITION TOPICS**

UNUM is hereby commanded, pursuant to Rule 30(b)(6), to designate a corporate representative, officer, director, managing agent, and/or other person ("Representative") to testify on the following matters:

1. The following information pertaining to Dr. John Szlyk, Dr. Stuart Shipko, and any other medical professional(s) hired, consulted, employed, or retained by UNUM (or an affiliate of UNUM) for the purpose of reviewing Plaintiff's disability claim:

   a. The number of times they have been hired, consulted, employed, or retained by UNUM (or an affiliate of UNUM) for the purpose of reviewing disability claims since 2016;
   b. The amount(s) of money they have been paid by UNUM (or an affiliate of UNUM) since 2016;

c. The number of claims closed or denied by UNUM (or an affiliate of UNUM) in which they contributed a report or medical opinion/conclusion.

2. The following information pertaining to each and every claims adjuster responsible for handling any aspect of Plaintiff's disability claim to date:

   a. The total number of number of claims they have handled since 2016;
   b. The total number of number of claims they have approved since 2016;
   c. The total number of number of claims they have denied since 2016;
   d. The total number of number of claims they have terminated/closed since 2016; and,
   e. The nature and content of any performance evaluations received by those adjusters since 2016.

3. The exact manner in which UNUM (or its affiliates) evaluated Plaintiff's disability claim, including:

   a. All reasons (vocational or medical or both) supporting the determination of UNUM (or its affiliates) that Plaintiff did not meet any eligibility requirements to receive benefits under The Policy; and,
   b. The extent to which UNUM (or its affiliates) considered Plaintiff's claim under the Residual Disability definition versus the Total Disability definition in The Policy, and all determinations reached on those issues.

4. Whether or not UNUM (or its affiliates) believe that Plaintiff is owed benefits under the Residual Disability definition or the Total Disability definition under The Policy, the total amount of benefits Plaintiff would be owed under either one of those provisions if a finder of fact ultimately determines that coverage exists, and the manner in which UNUM (or its affiliates) calculates those amounts.

5. The existence of, present custodian of, and search conducted for, all documents requested by Plaintiff in the *duces tecum* requests below.

## ***DUCES TECUM* REQUESTS**

Pursuant to Rule 30(b)(2) and Rule 34, UNUM is requested to produce the following documents and things at the time of the deposition:

   1. All documents not already produced to date that your designee(s) intends to reference, discuss, and/or rely upon while testifying in response to the topics specified above.

   2. All logs, emails, notes, witness statements, files, reports, conclusions, and other documents generated in connection with investigating Plaintiff's disability claim not previously produced to date.

Respectfully submitted,

**LAW OFFICE OF TALIA RAVIS, PA**

By: /s/Talia Ravis_____
Talia Ravis     MO Bar #58366
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114
816-333-8955 (tel)
1-800-694-3016 (fax)
travis@erisakc.com

        -And-

Chad C. Beaver        MO Bar No. 54141
**BEAVER LAW FIRM, LLC**
(816) 226-7750 | Office
(816) 817-0540 | Fax
cbeaver@beaver-law.com
1600 Genessee Street, Suite 920
Kansas City, Missouri 64102
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on OCTOBER 31, 2018, a copy of the above and foregoing document was served by:

(X__) Filing it with the Court's CM/ECF system;
(__) U.S. Mail, postage-prepaid;
(__) Facsimile;
(_X_) Email;
(__) Federal Express; and/or,
(__) Hand delivery, upon:

William E. Hanna
Christopher J. Leopold
Stinson Leonard Street LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
(816) 842-8600 / (816) 691-3495 (F)
william.hanna@stinson.com
chris.leopold@stinson.com

/s/ Chad C. Beaver_____
ATTORNEY FOR PLAINTIFF